# IN THE COURT OF APPEALS OF IOWA

No. 19-1384
Filed December 18, 2019

**IN THE INTEREST OF M.T.,**
**Minor Child,**

**M.T., Father,**
  Appellant.
_____

Appeal from the Iowa District Court for Johnson County, Deborah Farmer Minot, District Associate Judge.

A father appeals the juvenile court order waiving the requirement that the Iowa Department of Human Services make reasonable efforts to return his child to his care. **AFFIRMED.**

Sara Strain Linder of Bray & Klockau, P.L.C., Iowa City, for appellant father.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

Anthony Haughton of Linn County Advocate, Inc., Cedar Rapids, attorney and guardian ad litem for minor child.

Considered by Doyle, P.J., and Tabor and Schumacher, JJ.

**DOYLE, Presiding Judge.**

A father appeals the juvenile court order waiving the requirement that the Iowa Department of Human Services (DHS) make reasonable efforts to return his child to his care. He contends the State failed to prove that aggravated circumstances exist to warrant waiving the reasonable-efforts requirement. We review his claim de novo. *See In re J.S.*, 846 N.W.2d 36, 40 (Iowa 2014).

The child was born in 2016. Within six months, the juvenile court removed the child from the parents' care because of the child's exposure to the parents' domestic violence. The parties stipulated to the child's adjudication as a child in need of assistance (CINA).

In August 2018, after almost two years, the juvenile court authorized a trial home placement. The parents did not fare well during this period, failing to follow the expectations of the trial home placement plan and to maintain contact with their Family Safety, Risk, and Permanency (FSRP) service provider. But the DHS failed to inform the court of these failures, and the juvenile court returned the child to the parents' care in November 2018. The court discovered the truth of the situation in March 2019. It scheduled a modification hearing and informed the parents it would consider removing the child if they did not take the child to protective daycare daily or failed to meet with the FSRP service provide regularly.

A domestic dispute between the parents in May 2019 led the State to file criminal charges against the father for domestic abuse assault, second offense. The juvenile court entered a temporary order removing the child from the parents' care before holding a hearing to consider the child's removal, modification of prior dispositional orders, and waiver of reasonable efforts. In its August 2019 order,

the juvenile court placed the child in foster care and waived the requirement for making reasonable efforts to reunify the family.

When a child is removed from the home, the DHS must "make every reasonable effort to return the child to the child's home as quickly as possible consistent with the best interests of the child." Iowa Code § 232.102(9) (2019). Reasonable efforts are those efforts made to eliminate the need for removal of the child or make it possible for the child to return home. *Id.* § 232.102(12)(a). The court may waive the reasonable efforts requirement when aggravated circumstances exist. *See id.* § 232.102(14). Here, the court waived reasonable efforts under section 232.102(14)(b), which allows the court to waive the requirement if the circumstances described in section 232.116(1)(i) apply.

The father disputes that the circumstances listed in section 232.116(1)(i) apply. Of the three circumstances listed under that paragraph, the father only challenges the existence of "clear and convincing evidence that the offer or receipt of services would not correct the conditions which led to the abuse or neglect of the child within a reasonable period of time." *Id.* § 232.116(1)(i)(3). In determining clear and convincing evidence supports such a finding, the juvenile court noted it had already "exercised an extraordinary amount of patience" with the parents in the hope that "with sustained support and service, [they] could somehow combine resources to build the family they wanted, and to care for the child that they dearly loved." Despite this patience, the court observed that it took the parents "almost two full years" to regain custody of the child after the first removal. Given the parents' performance during the trial home placement, the court was "convinced

that no amount of additional time and no other or different services would result in the successful, safe, and lasting reunification of the child with his parents."

We agree with the juvenile court's assessment that services will not correct the conditions that led to the child's removal within a reasonable time. The CINA proceedings began more than three years ago. Although the juvenile court returned the child to the parents' care for a period, it would probably not have done so if it had known "the extent of the family's disengagement with services." Even so, the father is scarcely in a better position to care for the child after three years of services than he was at the time of the child's first removal.

"[O]ur legislature has established a limited time frame for parents to demonstrate their ability to be parents." *In re J.E.*, 723 N.W.2d 793, 800 (Iowa 2006). Once the grounds for termination have been proved, time is of the essence. *See In re A.C.*, 415 N.W.2d 609, 614 (Iowa 1987) ("It is unnecessary to take from the children's future any more than is demanded by statute."). As we have often said, children are not equipped with pause buttons. *See In re R.J.*, 436 N.W.2d 630, 636 (Iowa 1989) (noting that once the time for reunification set by the legislature has expired, "patience on behalf of the parent can quickly translate into intolerable hardship for the children"). For more than three years, the DHS has made reasonable efforts to return the child to the father's care. Three years is more than what is reasonable. Under the circumstances before us, we see no reason to extend that time. Because aggravated circumstances exist to warrant waiving the reasonable-efforts requirement, we affirm.

**AFFIRMED.**